UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT CITY OF PASADENA'S MOTION TO DISMISS PLAINTIFFS' THIRD AND FIFTH CLAIMS FOR RELIEF (Dkt. 37, filed November 7, 2016)

## I. INTRODUCTION

Plaintiffs Michelle D. Rodgers and Selah Chavét filed this action on May 24, 2016 against the City Of Pasadena ("City"), the Pasadena Police Department ("PPD"), Chief Phillip Sanchez, Sgt. Michael Bugh, Sgt. Keith Gomez, Sgt. Scott Vandergrift, Officer Matthew Crawford, Officer Rocky Tavera, Officer Gonzalez, Officer Lewis, and Does 1–10. Dkt. 1. Plaintiff filed the operative Second Amended Complaint ("SAC") on November 4, 2016. Dkt. 34.

Plaintiffs' action arises out of three arrests that occurred as a result of a dispute between Rodgers and Sgt. Bugh—who are siblings—with regard to the home, assets, and care of their mother, Verta L. Bugh. Id. Plaintiffs allege that, on the direction of Sgt. Bugh, Rodgers was arrested without a warrant for felony elder abuse and Rodgers and Chavét were arrested, without warrants, for trespassing on Ms. Bugh's home. Id. ¶¶ 13–15, 22–23. Plaintiffs assert fives claims: (1) deprivation of civil rights by individuals, pursuant to 42 U.S.C. § 1983; (2) supervisory and entity liability for deprivation of civil rights, pursuant to 42 U.S.C. § 1983; (3) deprivation of civil rights pursuant to the Bane Act, Cal. Civ. Code §§ 52, 52.1; (4) false arrest and imprisonment; and (5) violation of mandatory duty. Id.

On November 7, 2016, the City, Sanchez, Gomez, Varndergrift,[1] Crawford, Tavera, Gonzalez, and Lewis ("City defendants") filed the instant motion to dismiss

---

[1] Plaintiffs spell this name as Vandergrift, while the City Defendants spell the name as Varndergrift.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

plaintiffs' third and fifth claims for relief. Dkt. 37 ("MTD"). Plaintiffs filed their opposition on November 21, 2016, dkt. 40 ("Opp'n"), and the City Defendants filed their reply on November 28, 2016, dkt. 41 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

  **A. Whether the PPD is Properly Named as a Separate Defendant in This Action**

The City Defendants argue that the PPD is not an entity separate from the City, and therefore the PPD "should be removed as a named defendant." MTD at 2 n.1. This argument is not persuasive.

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
|---|---|---|---|
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

       Courts in this circuit have analyzed this issue under the Ninth Circuit's decision in Streit v. County of Los Angeles, holding that a sheriff's department or a police department may be liable as a separate entity under 42 U.S.C. § 1983.  See 236 F.3d 552, 565 (9th Cir. 2001) (holding that police and sheriff's departments in California, specifically the Los Angeles County Sheriff's Department, are "separately suable entit[ies]" and can be subject to liability under Section 1983); see, e.g., Butler v. Riverside County, No. 14-cv-1616-MMM-JEM, 2015 WL 1823353, at *4 (C.D. Cal. Apr. 22, 2015) ("Plaintiff may, however, sue both the County and the Sheriff's Department, because the Ninth Circuit has held that under California law a sheriff's department is a separately suable entity."); Fetter v. Placer County Sheriff, No. 2:12-cv-2235-GEB-EFB, 2015 WL 164268, at *2 (E.D. Cal. Jan. 12, 2015) (denying motion to dismiss section 1983 claims against Placer County Sheriff's Office); Hupp v. San Diego County, No. 12-cv-492-IEG-RBB, 2012 WL 2887229, at *2 (S.D. Cal. July 12, 2012) ("Under California law, municipal police departments, such as SD Sheriff's Dept., are separate suable entities."); Roberts v. Roseville Police Dep't, No. 2:11-CV-2207-JAM-JFM, 2011 WL 6141120, at *2 (E.D. Cal. Dec. 9, 2011) ("Municipalities may be liable under Section 1983, and police departments are, as a general matter, separately suable entities that may be liable for civil rights violations."); but see Morales v. City of Delano, 2010 WL 2942645, at *3 n.1 (E.D. Cal. July 23, 2010) (distinguishing Streit on the ground that Streit case concerned the Los Angeles County Sheriff's Departmen's liability "in its function of managing jails" but not as to "traditional law enforcement functions"); Brown v. Cnty. of Kern, 2008 WL 544565, at *3 (E.D. Cal. Feb. 26, 2008) ("Kern County is the proper defendant in a § 1983 suit, not Kern County Sheriff's Department.").

       In a concurring opinion in United States v. Kama, 394 F.3d 1236, (9th Cir. 2005), Judge Ferguson stated that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." Id. at 1239–40 (Ferguson, J., concurring).  However, given that in Streit, the Ninth Circuit specifically held that the Los Angeles County Sheriff's Department is subject to liability under Section 1983, whereas Kama concerned whether the Portland Police Bureau can be considered a "person" under Section 844(a) of the Controlled Substances Act, the Court finds Streit to be more relevant and persuasive here.  Accordingly, the Court declines to dismiss the PPD on the grounds that it is improperly named as a distinct entity from the City.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

**B.     Plaintiffs' Third Claim for Relief under the Bane Act**

The Bane Act provides a right of action if "a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion," or attempts to so interfere, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney[.]"  Cal. Civ. Code § 52.1.

Relying on Lyall v. City of Los Angeles, 807 F.3d 1178 (9th Cir. 2015), the City Defendants argue that plaintiffs' Bane Act claim fails to state a claim for relief because plaintiffs fail to allege any facts showing coercion independent from the coercion inherent in the wrongful detention itself.  MTD at 7–8.

Pursuant to Lyall, "a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act."  807 F.3d at 1196; see also Feiman v. City of Santa Monica, No. 14-56299, 2016 WL 4174777, at *1 (9th Cir. Aug. 8, 2016) ("As [plaintiff] has not alleged coercion beyond that inherent in his detention, the district court's dismissal of his Bane Act claims is affirmed."); Morse v. Cty. of Merced, No. 1:16-cv-142-DAD-SKO, 2016 WL 4000406, at *1 (E.D. Cal. July 25, 2016) ("This statement by the court in Lyall is undoubtedly true: a plaintiff cannot prevail on a Bane Act claim which alleges a wrongful search or a wrongful seizure without alleging some threat, intimidation, or coercion that goes beyond the simple fact of the coercion inherent in any seizure."); Venice Justice Comm. v. City of Los Angeles, No. 2:16-cv-1115-DDP-SS, 2016 WL 4724557, at *8 (C.D. Cal. Sept. 9, 2016) (granting plaintiffs' Bane Act claims because they failed to allege "that there was 'something more' than the threat of an allegedly unlawful arrest required to satisfy the coercion element").

In the operative complaint, plaintiffs allege that defendants violated their constitutional and statutory rights and "did so with threats, intimidation or coercion." SAC ¶ 39.  Plaintiffs also state that defendants violated their rights to be free from unlawful seizure made without probable cause and the right to bodily integrity "through the use of coercion and intimidation, including arrest and imprisonment."  Id.  The Court finds that plaintiffs fail to support these legal conclusions with factual allegations, see Iqbal, 556 U.S. at 679, because they do not allege any threat, intimidation, or coercion independent of the allegedly wrongful arrests and detention.  For example, with respect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                     **'O'**

| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
|---|---|---|---|
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

Rodgers' first arrest, plaintiffs allege: "Bugh walked into the home and forced Ms. Rodgers to walk outside to the sidewalk, carrying her purse, to be interrogated by officers." SAC ¶ 13. The officers conducted an "extended interview" then "arrested Ms. Rodgers without a warrant for felony elder abuse." Id. ¶ 14. With respect to the arrest of Rodgers and Chavét, plaintiffs allege that they were "handcuffed while still in the house" and that Chavét's handcuffs "were applied too tightly." Id. ¶ 23. These allegations do not constitute allegations of "threats or coercion beyond the coercion inherent in a detention or search." See Lyall, 807 F.3d at 1196. Therefore, the Court concludes that plaintiffs fail to state a claim under the Bane Act on which relief may be granted.

Accordingly, the Court **GRANTS** the City Defendants' motion to dismiss plaintiffs' third claim for relief and **DISMISSES** the claim **without prejudice**.

### C.   Plaintiffs' Fifth Claim for Relief for Violation of Mandatory Duty

California Government Code § 815.6 establishes liability for violation of a mandatory duty and provides:

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov't Code § 815.6. Courts apply a three-pronged test to establish a prima facie basis for liability for the violation of a mandatory duty: "(1) An enactment must impose a mandatory, not discretionary, duty; (2) The enactment must be intended to protect against the kind of risk of injury suffered by the plaintiff; and (3) The breach of the mandatory duty must be a proximate cause of the plaintiff's injury." Sumner Peck Ranch, Inc. v. Bureau of Reclamation, 823 F. Supp. 715, 726 (E.D. Cal. 1993); see also Haggis v. City of Los Angeles, 993 P.2d 983, 987 (Cal. 2000) ("Section 815.6 requires that the enactment at issue be obligatory, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken.").

Plaintiffs allege that the City and PPD's failure to deem plaintiffs' arrests as "detentions only" violates California Penal Code §§ 849.5 and 851.6. SAC ¶ 44. Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

849.5 provides: "In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only." Cal. Penal Code § 849.5. Section 851.6(a) provides: "In any case in which a person is arrested and released pursuant to . . . [Section 849(b)(1) or (3)[2]], the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention." Cal. Penal Code § 851.6.

      The City Defendants argue that plaintiffs fail to allege any harm arising from the alleged violation of mandatory duty. MTD at 9; Reply at 5. The Court disagrees. In their complaint, plaintiffs allege that they suffered, inter alia, humiliation, embarrassment, and harm to reputation as a result of defendants' actions. SAC ¶ 30. In their opposition, plaintiffs assert that they suffered emotional and reputational harm because of their unwarranted criminal histories. Opp'n at 9. "While the Court cannot accept 'new' facts alleged in opposition papers, a plaintiff's briefing may always be used to clarify allegations in a complaint." Yordy v. Astrue, No. 1:09-cv-03028-NJV, 2010 WL 653099, at *2 (N.D. Cal. Feb. 22, 2010); see also Pegram v. Herdrich, 530 U.S. 211, 230 n.10 (2000) ("Though this case involves a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the complaint should therefore be construed generously, we may use [plaintiff's] brief to clarify allegations in her complaint whose meaning is unclear."). Keeping in mind the liberal pleading standard, the Court reads plaintiffs' allegations in the light most favorable to plaintiffs and draws all reasonable inferences from plaintiffs' allegations. Pareto, 139 F.3d at 699; Sprewell, 266 F.3d at 988. The Court therefore concludes that plaintiffs have adequately pleaded injury resulting from the alleged violation of mandatory duty.

      The Court therefore **DENIES** the City Defendant's motion to dismiss plaintiffs' fifth claim for relief.

---

    [2] Pursuant to Section 849(b), a police officer may release from custody a person arrested without a warrant if, inter alia, "(1) [t]he officer is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested" or "(3) [t]he person was arrested only for being under the influence of a controlled substance or drug and the person is delivered to a facility or hospital for treatment and no further proceedings are desirable." Cal. Penal Code § 849(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03616-CAS(Ex) | Date | December 12, 2016 |
| Title | MICHELLE D. RODGERS ET AL. v. CITY OF PASADENA ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the City Defendant's motion to dismiss plaintiffs' third claim for relief and **DISMISSES** the claim **without prejudice**. The Court **DENIES** the City Defendant's motion to dismiss plaintiffs' fifth claim for relief. Plaintiff shall have **fourteen (14) days** from the date of this order to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |